IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 23-mj-4317 |
| | ) | |
| LEVI AUSTIN FLATT | ) | Magistrate Judge Newbern |

## MOTION FOR DETENTION

The United States of America, by and through Henry C. Leventis, the United States Attorney for the Middle District of Tennessee, and Kathryn Risinger, Assistant United States Attorney, respectfully files this memorandum in support of pre-trial detention and advises the Court that at Levi Austin FLATT's ("the defendant") Initial Appearance in the above-referenced case the United States will move for pre-trial detention of the defendant pursuant to Title 18, United States Code, Section 3142(f)(1)(E) because he constitutes a danger to the community. The Government moves for a continuance of three business days to hold a detention hearing. In support thereof, the Government would show the following:

## REQUEST FOR DETENTION

A. **Legal Basis for Detention:**

Pursuant to Title 18, United States Code, Section 3142(f)(1)(E), the Court shall hold a hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community upon a motion by the Government in a case that involves "[a] felony that is not otherwise a crime of violence . . . that involves the possession or use of a firearm or destructive device or any other dangerous weapon." Here, the defendant is charged via complaint with the following offenses: Count One – Possession of a Firearm with an Obliterated Serial Number; Count Two – Possession of a Destructive Device;

Count Three – Possession of an Unregistered Destructive Device; and Count Four – Making a Destructive Device. (*See* D.E. 1.)

A defendant may be detained pending trial if the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In determining whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of the community, the Court shall consider: (1) the nature and circumstances of the offense charged, including whether, for example, the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence of dangerousness against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). A judicial officer's finding of dangerousness must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(b); *United States v. Stone*, 608 F.3d 939, 945 (2010).[1]

### B. Factual Basis for Detention:

#### 1. Facts Underlying Charges:

On August 7, 2023, officers with the Putnam County Sheriff's Office ("PCSO") observed a video on the defendant's Facebook account that depicted the defendant holding a plastic bottle, a wine bottle, and a galvanized pipe with an endcap affixed to the end. The three items were taped together with what appears to be yellow tape. Black and white braided electrical wires hung from the device. In the video, the defendant stated: "Hey ATF, let me know if this is legal, a pound of

---

[1] While not alleged as a basis here, when "risk of flight" serves as the basis for detention, the Government must only satisfy a preponderance of the evidence standard. *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996); *United States v. Chimurenga*, 760 F.2d 400, 405-06 (2d Cir. 1985); *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985); *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

Tannerite, a pipe bomb, and a wine bottle full of diesel…oh is that legal ATF… just let me know about this…somebody let me know."

Later that same day, PCSO officers initiated a traffic stop on a vehicle being driven by the defendant. The traffic stop was initiated approximately one-half mile away from the Putnam County Agricultural & Industrial Fair where the Putnam County Fair was being held. When the defendant exited the vehicle, officers observed an empty holster on his right side and a fixed blade knife on his lower back. When speaking with law enforcement, the defendant provided the following information[2]:

    a.    The device was located near the back door of the white van in a cooler;

    b.    The defendant initially advised there was no power source so the device would not function; however, he later clarified that there was an 18-volt impact drill battery inside the cooler but it was not connected to the device;

    c.    The defendant purchased two half pound exploding target mixtures approximately two weeks ago from Farm Home;

    d.    The defendant mixed the two components and poured most of the mixture into a plastic water bottle and some of the mixture into the six-inch metal pipe;

    e.    The defendant added some magnesium to the mixture that was poured into the metal pipe;

    f.    The defendant affixed a switch to the end of approximately 100 feet of electrical wires to initiate the device; and

    g.    The defendant advised the other end of the electrical wires were connected to the metal pipe and a copper wire coiled inside the metal pipe. One end of the metal pipe had a metal

---

[2] The defendant's statements are not verbatim, but are set forth in substance and in part.

3

Case 2:23-cr-00004    Document 3    Filed 08/10/23    Page 3 of 6 PageID #: 12

endcap and the other had a plastic cover. Next to the metal pipe was a wine bottle full of diesel fuel. The defendant affixed the three containers, the plastic water bottle containing an exploding target mixture, the metal pipe containing the exploding target mixture and magnesium, and the wine bottle containing diesel, together with tape.

The defendant also informed law enforcement that there was a firearm in the front passenger compartment of the van and two Molotov cocktails located in an ammo can in the rear compartment of the van. Law enforcement searched the van and as a result, the following items were collected as evidence and/or documented through photographs:

**Collected as Evidence:**

a. A Glock, Model 17, 9 mm pistol, with an obliterated serial number located on the frame of the firearm and loaded with 17 rounds of ammunition in the magazine and one in the chamber,

b. Seven extended magazines containing a total of 145 rounds of 9 mm ammunition, located inside of a tactical carry vest;

c. Three additional suspected destructive devices, one which contained metal shrapnel inside the device;

d. Several additional metal pipes with one end of each pipe welded closed;

e. Two suspected Molotov cocktails; and

f. A Walmart receipt for an LP exchange (Propane tank) dated August 7, 2023.

**Documented through photographs:**

a. A propane tank; and

b. A large metal shield with the words and phrases that appear to say: "Kill All," "Killem," "RIP," "SWAT," "FUCK," "NIGGAS," "MTM," and "R.N.B.". A federal search

4

Case 2:23-cr-00004   Document 3   Filed 08/10/23   Page 4 of 6 PageID #: 13

warrant was executed at the defendant's residence located in Baxter, Tennessee. In a workshop area of the residence, law enforcement located electrical wires that appeared to be the same as the electrical wires attached to one of the suspected destructive devices and numerous unknown liquid substances.

After the above searches were completed, the defendant admitted to building three of the "bombs" at his residence the day before and to adding Styrofoam to the Molotov cocktails to make the substance stick to whatever it was thrown against.

**2. Other Incidents with Law Enforcement**

In addition to the facts alleged in support of the underlying complaint, as summarized above, the defendant has had prior encounters with law enforcement that are concerning to the Government. For example, on January 30, 2023, PCSO officers responded to a disturbance at the defendant's residence located in Baxter, Tennessee. Upon arrival at the residence, the front door swung open, and the defendant presented himself in the doorway with two long guns by his sides. When officers instructed the defendant to put down the firearms, the defendant became belligerent and refused. The defendant then slammed the door and turned off all the lights in the residence. A witness advised officers that when she had been present at the residence earlier that day, the defendant had all of his firearms displayed on the bed and threatened her. However, because the witness refused to press charges, officers left the residence without further incident.

**C. Request for Detention:**

The Government submits that following any hearing in this case, the factors to be considered by this Court – (1) the nature and circumstances of the offense charged, including whether, for example, the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence of dangerousness against the defendant; (3) the history and characteristics of the

defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release – weigh in favor of the Government and the Government will have presented, by clear and convincing evidence, that the defendant poses a danger to the community that cannot be mitigated by the Court's imposition of conditions or combination of conditions of release.

## CONCLUSION

The Government respectfully requests that the Court hold a detention hearing in the above-referenced case, and following any such hearing, the Court detain the defendant pending trial.

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney
Middle District of Tennessee

By:   /s/ Kathryn Risinger
KATHRYN RISINGER
Assistant U. S. Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Phone: 6l5-736-5l5l

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2023, I electronically filed one copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to counsel for defendant in this case.

/s/ Kathryn Risinger
KATHRYN RISINGER
Assistant U. S. Attorney